WESTERN MANUFACTURING AND OIL COMPANY, Respondent, v.   AMERICAN   SPIRITS   MANUFACTURING   COMPANY, Appellant.

First Department, April 4, 1919.

Practice — motion in successive parts of Special Term for postponement of trial until after decision of appeal in action between same parties in foreign State — default by plaintiff after denial of said motion by several justices — motion to vacate judgment upon plaintiff's default denied.

Where a plaintiff, desiring to postpone the trial of an action until the decision of an appeal in a prior action between the same parties in a foreign State, instead of moving for an order staying the trial, filed affidavits with successive justices controlling the calendar of the Special Term setting forth the situation and asking for a postponement until after the decision of the appeal, and such applications were denied, and after brief adjournments the cause was placed upon the calendar for trial, and the plaintiff deliberately and intentionally suffered a default, he is not entitled upon application to another part of the Special Term, upon practically the same papers, to an order vacating the judgment of dismissal, because the granting of such an order would amount, in effect, to a reversal of the decisions rendered by fellow-justices of co-ordinate jurisdiction.

After plaintiff's motion was denied in one part of the court, the same motion should not have been entertained in another part.

APPEAL by the defendant, American Spirits Manufacturing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of March, 1919, vacating a judgment dismissing the complaint upon plaintiff's

default and failure to proceed to trial when the case was reached in its regular order in one of the parts of Special Term to which it had been sent from Special Term, Part 3, for trial.

*Eugene L. Richards* of counsel [*Charles C. Deming* with him on the brief; *Alexander & Green,* attorneys], for the appellant.

*Edwin DeT. Bechtel* of counsel [*Carter, Ledyard & Milburn,* attorneys], for the respondent.

SHEARN, J.:

The complaint prays for an accounting by the defendant for all of its acts and omissions with respect to certain contracts and the operation of a corn degermination plant at the defendant's distillery at Peoria, Ill. The plaintiff's right to recover depends in large part upon a contract of February 20, 1897, and amendments thereto on October 19, 1898, and October 1, 1901. The defendant pleads as against all rights growing out of said contract a judgment rendered by the Circuit Court of Peoria county, State of Illinois, in an action between the same parties wherein this defendant recovered judgment against this plaintiff in the sum of $250,000 damages. It appears that there is an appeal pending from said judgment and that it is expected by the plaintiff that a decision will be rendered early in April. If the judgment is reversed, the plea of *res adjudicata* will fall. Accordingly, the plaintiff has attempted to postpone the trial of this action until the decision is rendered by the Illinois court. This course seems to be reasonable, but the difficulty presented is in the manner in which the plaintiff has sought to procure the postponement. Instead of moving for an order staying the trial, which, if denied, could be readily reviewed, plaintiff filed affidavits with successive justices controlling the calendar of Special Term, Part 3, setting forth the situation and asking for a postponement of the trial until after the decision in Illinois. Each of the several justices denied the applications for such postponement, and, after brief adjournments, the cause regularly appeared upon the calendar and was sent out for trial. The plaintiff deliberately and intentionally suffered a default

and then, upon practically the same papers, applied to Special Term, Part 1, for an order vacating the judgment of dismissal, which motion was granted.   It is contrary to well-settled practice to set aside defaults intentionally suffered under such circumstances.   The course pursued amounted to a practical disregard of the decisions denying plaintiff's applications to postpone the trial until after the determination of the Illinois appeal, upon the mere chance that another justice sitting in a different part of the same court would take a different view of the situation.   Granting plaintiff's motion to open the default amounted in effect to a reversal of the decisions rendered by fellow-justices of co-ordinate jurisdiction.   Such procedure is not to be countenanced and is contrary to customary and orderly procedure.   This is not at all the ordinary case of opening a default suffered because a party was unready to proceed to trial although ordered to trial by the justices in charge of the calendar part.   Plaintiff was not unready for trial.   Plaintiff had applied for a specific relief, namely, to postpone the trial until after the determination of the Illinois appeal.   This application was denied and every time it was renewed before a justice in charge of the calendar was again denied.   Under these circumstances the same motion should not have been entertained in another part of the court.

For these reasons the order must be reversed and the motion denied.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.